UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:10-cv-122-KKC

IN RE:
CLEARWATER NATURAL RESOURCES, L.P., et al.                                DEBTORS


HOWELL PROPERTIES, LLC and
KINZER DRILLING COMPANY, LLC,                                            APPELLANTS,

v.                              **OPINION AND ORDER**

CLEARWATER NATURAL RESOURCES, LLC,
MILLER BROS. COAL, LLC,
BANK OF AMERICA, N.A., and
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,                           APPELLEES.

* * * * * * * * * * *

The Appellants Howell Properties, LLC and Kinzer Drilling Company, LLC (together "Howell-Kinzer") appeal from an order by the bankruptcy court denying Howell-Kinzer's claim against the bankruptcy estate in the amount of $1,287,846.70 [Bankruptcy Action No. 09-70011, DE 1401] and an order entered by the bankruptcy court denying Howell-Kinzer's motion to alter or amend the original order [Bankruptcy Action No. 09-70011, DE 1401].

**I.      Background.**

In 2001, J.W. Kinzer and Miller Leasing, Inc. entered into a lease agreement by which J. W. Kinzer granted Miller Leasing the right to mine coal located on certain property in Kentucky. Under the lease agreement, Miller Leasing agreed to indemnify Kinzer against certain claims that could arise from Miller Leasing's mining. Specifically, Miller Leasing agreed to indemnify Kinzer for the following:

> any and all losses, costs, claims or damages for any liability, either public or private, sought to be imposed by any third person not a party to this Agreement. . . for. . . any

damage to or reduction in value of any property...that results from the negligence of [Miller Leasing, Inc.] or its employees in conducting any of [Miller Leasing, Inc.'s] mining operations within the Premises.

Both parties to this action agree that the Debtor Miller Bros. Coal, LLC is the successor in interest to Miller Leasing, Inc. and that the Appellant Howell Properties, LLC is the successor in interest to J.W. Kinzer.

On January 7, 2009, Miller Bros. Coal filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The following month, a group of property owners who the parties refer to as the "Calhoun Heirs" filed a state court action against Miller Bros. Coal and the Appellant Kinzer Drilling Company asserting that Miller Bros. Coal trespassed on their land and illegally mined coal from it. The Calhoun Heirs assert trespass and conversion claims against Miller Bros. Coal and Kinzer Drilling Company, LLC.

Howell-Kinzer filed a Proof of Claim against the Miller Bros. Coal bankruptcy estate in the amount of $1,287,946.70, asserting that the basis for the claim was Howell-Kinzer's entitlement to indemnification from the bankruptcy estate for the trespass and conversion claims asserted by the Calhoun Heirs.

The Howell-Kinzer claim drew three objections [Bankruptcy Action No. 09-70011, DE 1172, 1174, 1175]. The objecting parties put forth two arguments for disallowing the claim. First, they argued that the claim was barred by 11 U.S.C. § 502(e)(1)(B) of the Bankruptcy Code. That statute bars contingent claims for reimbursement or contribution where the claimant is co-liable with the debtor on the underlying claim. Second, the objecting parties argued that the Howell-Kinzer claim was invalid because Miller Bros. Coal was not obligated under the indemnification provision in the lease to indemnify Howell-Kinzer for Miller Bros. Coal's intentional acts but only for its negligent acts.

2

[Bankruptcy Action No. 09-70011, DE 1172, 1174].

The bankruptcy court entered an Agreed Order stating that Howell-Kinzer and the objecting parties had agreed that "the following is a purely legal issue which should be considered by the Court prior to the consideration of any factual issues: (1) whether the Indemnity Claim should be disallowed under 11 U.S.C. § 502(e)(1)(B)."

The Agreed Order also established a briefing schedule for Howell-Kinzer to file a response to the objections and for the objecting parties to file reply briefs. [Bankruptcy Action No. 09-70011, DE 1365].

After the entry of the Agreed Order, Howell-Kinzer filed its response to the objections to its claim as directed in the Agreed Order. [Bankruptcy Action No. 09-70011, DE 1368]. In the response, Howell-Kinzer confined its legal arguments to the issue of whether the indemnity claim should be disallowed under Section 502(e)(1)(B) of the Bankruptcy Code.

Howell-Kinzer first argued that, because Miller Bros. Coal assumed the lease post-petition, Howell-Kinzer's indemnification claim should be treated as a post-petition administrative expense of the bankrupt estate. Howell-Kinzer then argued that Section 502(e)(1)(B) does not even apply to post-petition administrative expense claims against the bankrupt estate but instead applies only to pre-petition unsecured claims. Howell-Kinzer further argued that, even if Section 502(e) applies to the indemnity claim, the claim could not be disallowed under that section.

In their reply briefs, the objecting parties again argued 1) that the claims should be disallowed under Section 502(e)(1)(B) and 2) that Howell-Kinzer had no right to indemnification from Miller Bros. Coal for the claims asserted in the state court complaint. For this second argument, the objecting parties again pointed out that the Calhoun Heirs charged in the state court action that Howell-Kinzer committed

3

the intentional acts of conversion and trespass on the Calhoun Heirs' property and they did not allege negligence on the property governed by the lease as required by the indemnification provision. [Bankruptcy Action No. 09-70011, DE 1374 at 6-7, 1375 n. 4].

On July 12, 2010, the bankruptcy court entered an order disallowing Howell-Kinzer's claim. In its order, the court stated that "the issue presented by agreed order is whether the claim of Howell and Kinzer should be disallowed under 11 U.S.C. § 502(e)(1)(B)." [Bankruptcy Action No. 09-70011, DE 1401]. The bankruptcy court concluded that the claim should be disallowed, giving three reasons for its decision.

First, the bankruptcy court quoted the indemnification provision and noted that "indemnification is available only if damages are caused by Miller Bros. Coal's negligence on the leased property." The court then stated "it is difficult to see how Kinzer and Howell can have a claim against the debtors based on an 'Indemnity suit by the Calhoun Heirs for trespass and conversion."

Second, the bankruptcy court noted that Howell-Kinzer asserted that its claim should be given priority status under 11 U.S.C. § 507 as an administrative expense because Miller Bros. Coal assumed the lease. The court then noted that section 502 is inapplicable in determining whether Howell-Kinzer's claim should be disallowed because it did not apply to administrative expenses. Instead, 11 U.S.C. § 503 governs the allowance of administrative expense claims.

Third, the bankruptcy court noted that section 503 provides that administrative expenses should be allowed for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). The court noted that "[a] debt is not entitled to administrative expense priority treatment simply because the right to payment arises post-petition; the claimant must demonstrate the benefit that inured to the estate." The court determined that Howell-Kinzer had not demonstrated any such benefit

here.

The Court concluded that the Howell-Kinzer claim should be disallowed under Sections 503 and 502(e)(1)(B).

Howell-Kinzer then filed a Motion to Alter, Amend, or Vacate the bankruptcy court's ruling. [DE 1413]. In its motion, Howell-Kinzer argued that the Agreed Order provided that "the sole legal issue before the Court was whether Section 502(e)(1)(B) could be relied upon to disallow the Howell/Kinzer claim."

Howell-Kinzer argued that the bankruptcy court had correctly decided that Section 502 was inapplicable to administrative expenses and that only Section 503 governs the allowance or disallowance of such claims. However, Howell-Kinzer argued that the bankruptcy court's determination that the lease was of no benefit to the debtor reached a factual issue which the parties had not addressed and upon which the parties had taken no discovery. Howell-Kinzer argued that, for this reason, the order reached an issue beyond the scope of what the parties contemplated by the Agreed Order.

Howell-Kinzer further argued that there was evidence in the record that the lease provided a benefit to the estate. Howell-Kinzer asked the court to amend its prior order to find that the lease provided an actual benefit to the bankruptcy estate and thus, Howell-Kinzer's claim is an administrative expense not subject to disallowance under Section 502.

The bankruptcy court conducted a hearing on the motion to alter or amend and then issued an order. In its order [Bankruptcy Action No. 09-70011, DE 1470], the bankruptcy court noted that the parties had agreed that "consideration of whether the Claim should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code was a purely legal issue and did not require an evidentiary

5

hearing." [DE 1470]. As to Howell-Kinzer's argument that the bankruptcy court's order went beyond the scope of what the court and the parties had previously contemplated – which was whether the claim should be disallowed under Section 502(e)(1)(B) of the Bankruptcy Code – the court rejected the argument, noting that a core proceeding includes "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(B).

As to the court's finding that the lease was of "no benefit" to the bankruptcy estate, the court agreed with Howell-Kinzer that there was evidence in the record that the lease had offered a benefit to the estate and granted Howell-Kinzer's motion to amend the court's prior order to the extent it ruled there was no such evidence.

However, the bankruptcy court determined that, even if the lease benefitted the estate, Howell-Kinzer's claim based on the lease's indemnification provision should still be disallowed. The court again noted that the lease allows "for indemnification only if damages were caused by the Debtor's negligence on leased property." The court concluded that, because the Calhoun Heirs sought damages for trespass on property owned by them, and "not damages on the properties covered by the Lease," the Howell-Kinzer claim "is not covered by the indemnification provisions of the Lease and is not a claim under the Lease." Accordingly, the court determined that, even if the indemnification claim should be treated as an administrative expense, it should still be disallowed.

Howell-Kinzer then filed this Notice of Appeal arguing that the bankruptcy court's determination that the indemnification provision did not cover the claims made in the state court action was in error for two reasons. First, Howell-Kinzer argues that, in making this determination, the bankruptcy court made a factual finding and, thus, Howell-Kinzer should have had an opportunity to present evidence. Second, Howell-Kinzer argues that the bankruptcy court's ruling decided an issue

6

beyond the scope of the Agreed Order which indicated the sole issue to be decided on the parties briefs was whether the Howell-Kinzer claim should be disallowed under Section 502(e)(1)(B).

II. Analysis.

Both of the issues presented on appeal involve matters of procedural law and, thus, this Court will review them *de novo*. *In re Behlke*, 358 F.3d 429, 433 (6th Cir.2004)(a bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo). When a matter is appealed to the district court from the bankruptcy court, the district court "may affirm, modify or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

A) Whether the Bankruptcy Court Erred by not Providing Howell-Kinzer the Opportunity to Present Relevant Evidence.

Howell-Kinzer argues that, for the bankruptcy court's conclusion that the state court claims were not covered under the indemnification provision, the bankruptcy court made a factual finding without permitting Howell-Kinzer an opportunity to present evidence on the issue. Specifically, Howell-Kinzer argues that the bankruptcy court determined "whether any negligence by Miller Bros. in its mining operations did take place on the leased premises" and that this is a factual issue. [DE 11 at 13, 14, 16, 18]. Thus, Howell-Kinzer argues, it should have had the opportunity to present evidence on this issue.

However, for its determination that the state court claims were not covered under the indemnification provision, the bankruptcy court did not decide whether any negligent acts by Miller Bros. Coal took place on the leased premises. It had no need to make this determination because, in the state court complaint, the Calhoun Heirs do not allege they were damaged by any negligent acts by Miller Bros. Coal on the leased premises. Instead, the Calhoun Heirs allege they were damaged by Miller Bros. Coal's acts of trespass and conversion that took place on the Calhoun Heirs' property. The

7

bankruptcy court correctly looked at those allegations and determined they could not be covered by the indemnification provision which covers only damages resulting from Miller Bros. Coal's negligence within the leased premises.

Howell-Kinzer argues that "one can easily envision a scenario in which Miller Bros. committed a negligent act while still on the Leased Premises which proximately caused the resulting mining outside the Leased Premises." But whether such a scenario is "easily envisioned" does not matter. Miller Bros. Coal's duty to indemnify does not depend on what scenarios can be envisioned, it depends on the theories of liability and facts established in the state court action. *See, e.g., Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 229 F.3d 56, 66 (1st Cir. 2000).

As a general rule, "[b]ecause an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Northland Cas. Co. v. HBE Corp.*, 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001)(citations omitted). But, there is an exception to this general rule "if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify. *Id*. "In such a situation, the court could adequately assess the duty to indemnify prior to a conclusion on the merits of the underlying litigation." *Id*. *See also Aetna Cas. & Sur. Co. v. Williams*, 1997 WL 667875, at * 2 n.4 (E.D. Pa. 1997).

Here, the indemnification provision covers only damages that result from Miller Bros. Coal's negligence in its mining operations on the leased premises. If the state court complaint could be fairly read to allege that Miller Bros. Coal was negligent on the leased premises and that negligence cause the Calhoun Heirs' damages, then determining whether the state court claims were covered under the indemnification provision would have to await the completion of the state court action. However, the

state court complaint cannot be fairly read to allege that Miller Bros. Coal was negligent on the leased premises. The Calhoun Heirs allege they were damaged by Miller Bros. Coal's acts of trespassing on their land and converting the Calhoun Heirs' property. Thus, the bankruptcy court correctly determined the state court claims were not covered by the indemnification provision.

Howell-Kinzer also argues that the state court complaint could be read to assert a claim of negligent trespass as opposed to intentional trespass. Even if this is true, a claim of negligent trespass is a claim that Miller Bros. Coal committed negligent acts on the Calhoun Heirs' property, not on the leased premises. Thus, such a claim could not be covered by the indemnification provision.

  B)    **Whether the Bankruptcy Court Erred by Deciding Matters Outside the Scope of the Agreed Order.**

Howell-Kinzer next argues that the bankruptcy court erred in deciding whether the state court claims fell within the indemnification provision of the lease because the Agreed Order indicated that the only issue it would address was whether the indemnification claim should be disallowed under 11 U.S.C. § 502(e)(1)(B).

The Court agrees with Howell-Kinzer that the Agreed Order can be fairly interpreted to provide that, in their initial briefs, the parties should only address the issue of whether Howell-Kinzer's indemnification claim should be disallowed under 11 U.S.C. § 502(e)(1)(B) and that that issue was the sole issue that would be submitted to the bankruptcy court upon completion of the initial briefing.

However, the briefing directed by the Agreed Order was not Howell-Kinzer's sole opportunity to address the bankruptcy court on the issue of whether its indemnification claim should be allowed. Howell-Kinzer also filed a motion to alter or amend the bankruptcy court's initial ruling and the bankruptcy court clearly considered that motion, conducting a hearing on it and granting a portion of

9

it. Further, Howell-Kinzer was on notice with the bankruptcy court's initial ruling that the bankruptcy court had considered whether the state court claims were covered by the indemnification provision. Howell-Kinzer had the opportunity to address that issue in the motion to alter and amend and in the hearing on that motion.

For all these reasons, the bankruptcy court order denying Howell-Kinzer's claim against the bankruptcy estate in the amount of $1,287,846.70 and the bankruptcy court's order denying Howell-Kinzer's motion to alter or amend the original order are AFFIRMED.

Dated this 20th day of June, 2011.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**